BRANDON J. BRODERICK, ESQ
ATTORNEY I.D.# 009462006
BRANDON J. BRODERICK, LLC
65 East Route 4, First Floor
River Edge, New Jersey 07661
Attorney for Plaintiff(s)
(201) 853-1505

| | |
|---|---|
| **SVETLANA VOLOCHINSKY,**<br><br>Plaintiff(s)<br><br>Vs.<br><br>**COSTCO WHOLESALE CORP.,** ET ALS.<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO.   MID-L-2131-22<br><br>CIVIL ACTION<br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

**COSTCO WHOLESALE CORP.,**

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                                                        */s/ Michelle M. Perez*
                                                                       Michelle M. Perez, Clerk
                                                                       Superior Court of New Jersey

Dated:   May 3, 2022

Name and address of Defendant to be Served:

**COSTCO WHOLESALE CORP.,**
2018 US Highway 9
Marlboro, New Jersey 08625

***$175.00 For Chancery Division Cases or $175.00 for Law Division Cases***

CHRISTOPHER A. BRADLEY, ESQ
ATTORNEY I.D.# 019701999
BRANDON J. BRODERICK, LLC
850 Bear Tavern Road, Suite 106
Ewing, NJ 08628
Attorney for Plaintiff
cbradley@brandonjbroderick.com
201-882-7880

| | |
|---|---|
| SVETLANA VOLOCHINSKY, <br><br> **Plaintiff,** <br><br> v. <br><br> **COSTCO WHOLESALE CORP., JOHN DOE EMPLOYEES 1-10 (said names being fictitious as their identities are presently unknown), JOHN DOES A-Z MANAGEMENT COMPANY, (said names being fictitious as their identities are presently unknown), JOHN DOES 1-10 MANAGER (said names being fictitious as their identities are presently unknown), JOHN DOES A-Z MAINTENANCE PERSONNEL, (said names being fictitious as their identity are presently unknown),** <br><br> **Defendants** | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY** <br><br> **DOCKET NO.: MID-L-** <br><br> **CIVIL ACTION** <br><br> **COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, FIRST PLEADING CERTIFICATION, DEMAND FOR INTERROGATORIES AND CIVIL CASE INFORMATION STATEMENT** |

The Plaintiff, SVETLANA VOLOCHINSKY, residing at 9 King Fisher Court, in the Township of Marlboro, Monmouth County, New Jersey, by way of Complaint through her attorneys against Defendants, COSTCO WHOLESALE CORP., JOHN DOES EMPLOYEES 1-10 (said names being fictitious as their identities are presently unknown), JOHN DOES A-Z MANAGEMENT COMPANY, (said names being fictitious as their identities are presently unknown), JOHN DOES 1- 10 MANAGER (said names being fictitious as their identities are presently unknown), JOHN DOES A-Z MAINTENANCE PERSONNEL, (said names being fictitious as their identity are presently unknown), say:

## FIRST COUNT

1. At all times relevant hereto, Defendant, COSTCO WHOLESALE, CORP., having a place of business located at 18 US Highway 9, in the Township of Marlboro, Monmouth County, New Jersey.

2. At all times relevant hereto, Defendant, COSTCO WHOLESALE, CORP., had stores in, and regularly conducted business in, Middlesex County, New Jersey.

3. The true names or capacities whether individual, associate, representative or otherwise of Defendants named JOHN DOES EMPLOYEES 1-10 (said names being fictitious as their identities are presently unknown), JOHN DOES A-Z MANAGEMENT COMPANY, (said names being fictitious as their identities are presently unknown), JOHN DOES 1-10 MANAGER (said names being fictitious as their identities are presently unknown), JOHN DOES A-Z MAINTENANCE PERSONNEL, (said names being fictitious as their identity are presently unknown), are not known to Plaintiff, who consequently sues these Defendants by their fictitious names. Plaintiff will seek leave to amend this Complaint to state the true names and capacities of the fictitiously named Defendants when they have been ascertained.

4. On or about July 5, 2020, the Plaintiff, SVETLANA VOLOCHINSKY, was lawfully a patron at the COSTCO WHOLESALE, CORP., located at 18 US Highway 9, in the Township of Marlboro, Monmouth County, New Jersey, owned, operated, maintained, repaired and/or controlled by the Defendant(s), in such a negligent manner as to cause, without warning, have a puddle of liquid on the floor by a refrigerator area, causing Plaintiff to slip and fall, resulting in serious injuries.

5. Due to the Defendants' carelessness, recklessness and negligence, Plaintiff was caused to suffer severe and permanent personal injuries, including but not limited to, extreme pain

and suffering, emotional trauma, future pain and suffering, loss of enjoyment of life, incurring medical expenses, disability and impairment.

6. Plaintiff has complied with all conditions precedent to suit.

WHEREFORE, Plaintiff demands judgment against the above-captioned Defendants, jointly, severally and/or alternatively for damages, costs of suit, interest, and such other relief as the court deems just and proper.

## SECOND COUNT

7. Plaintiff repeats and realleges the allegations of the First Count as if the same were more fully set forth at length herein.

8. At all times mentioned herein Defendant, COSTCO WHOLESALE, CORP. knew or should have known that the premises were a dangerous and hazardous condition due to unstable display cases.

9. Defendant(s) owed a duty to its lawful users, including Plaintiff, to warn of hazardous and unsafe conditions on its premises.

10. Defendant(s)' failure to take reasonable precautions to warn Plaintiff of unsafe and hazardous conditions on its premises was the proximate cause of Plaintiffs severe and permanent personal injuries.

WHEREFORE, Plaintiff demands judgment against the above-captioned Defendants, jointly, severally and/or alternatively for damages, costs of suit, interest, and such other relief as the court deems just and proper.

## THIRD COUNT

11. Plaintiff repeats and realleges the allegations of the First and Second Counts as if the same were more fully set forth at length herein.

12. The Defendants, named JOHN DOES EMPLOYEES 1-10 (said names being

fictitious as their identities are presently unknown), JOHN DOES A-Z MANAGEMENT COMPANY, (said names being fictitious as their identities are presently unknown), JOHN DOES 1-10 MANAGER (said names being fictitious as their identities are presently unknown), JOHN DOES A-Z MAINTENANCE PERSONNEL, (said names being fictitious as their identity are presently unknown), are and were agents, servants and/or employees of Defendant, COSTCO WHOLESALE, CORP..., for the maintenance, supervision, inspections and/or warning of dangers and/or hazardous conditions at the property commonly known as Defendant COSTCO WHOLESALE, CORP.

13. At all times hereinafter mentioned and for some time prior thereto, it was and became the duty of the Defendants, named JOHN DOES EMPLOYEES 1-10 (said names being fictitious as their identities are presently unknown), JOHN DOES A-Z MANAGEMENT COMPANY, (said names being fictitious as their identities are presently unknown), JOHN DOES 1-10 MANAGER (said names being fictitious as their identities are presently unknown), JOHN DOES A-Z MAINTENANCE PERSONNEL, (said names being fictitious as their identity are presently unknown), through their agents, servants and/or employees, to keep the aforesaid premises including the isles and walkway areas and display cases in good condition, properly maintained and constructed and in a safe condition and to correct dangerous conditions which constituted a hazard to the lawful users thereof, and to warn the lawful users thereof of unsafe and dangerous conditions of which they knew or should have known, but notwithstanding said duties, the aforementioned Defendants failed to keep the premises in good repair, properly maintained and in a safe condition and failed to correct dangerous conditions which constituted a hazard to the lawful users thereof and

failed to warn the lawful users thereof of unsafe and dangerous conditions of which it knew or should have known and the aforesaid Defendants were otherwise negligent.

14. The Defendants, named JOHN DOES EMPLOYEES 1-10 (said names being fictitious as their identities are presently unknown), JOHN DOES A-Z MANAGEMENT COMPANY, (said names being fictitious as their identities are presently unknown), JOHN DOES 1-10 MANAGER (said names being fictitious as their identities are presently unknown), JOHN DOES A-Z MAINTENANCE PERSONNEL, (said names being fictitious as their identity are presently unknown), caused and/or contributed to the occurrence and the injuries of Plaintiff, in that they were the cause of, or in some way contributed to, the accident in which Plaintiff was caused to suffer severe and permanent personal injuries.

15. Due to the Defendants named JOHN DOES EMPLOYEES 1-10 (said names being fictitious as their identities are presently unknown), JOHN DOES A-Z MANAGEMENT COMPANY, (said names being fictitious as their identities are presently unknown), JOHN DOES 1- 10 MANAGER (said names being fictitious as their identities are presently unknown), JOHN DOES A-Z MAINTENANCE PERSONNEL, (said names being fictitious as their identity are presently unknown), carelessness, recklessness and negligence, Plaintiff was caused to suffer severe and permanent personal injuries, including but not limited to, extreme pain and suffering, emotional trauma, future pain and suffering, loss of enjoyment of life, incurring medical expenses, disability and impairment.

WHEREFORE, Plaintiff demands judgment against the above-captioned Defendants, jointly, severally and/or alternatively for damages, costs of suit, interest, and such other relief as the court deems just and proper.

### FOURTH COUNT

1. Plaintiff repeats and realleged the allegations of the First, Second, and Third Counts as if the same were more fully set forth at length herein.

2. As a result of the aforesaid negligence, carelessness and recklessness of the Defendants, Plaintiff was seriously injured, sustained great pain and suffering and mental anguish, does presently sustain the same and in the future will sustain the same, was obliged to expend large sums of money to affect a cure for the injures, pain and suffering and mental anguish which she sustained, and is presently obligated to expend large sums of money so as to affect a cure for the injuries which they sustained.

3. The aforementioned sums of money were expended by Plaintiff without, or in excess of, any abatement or reimbursement, from any source for any part of said sums.

4. The aforementioned sums were expended by Plaintiff for the necessary and reasonable treatment of all injuries sustained by Plaintiff and are causally related to Defendants' actions herein described.

**WHEREFORE,** Plaintiff demands judgment against the above-captioned Defendants, jointly, severally and/or alternatively for damages, costs of suit, interest, and such other relief as the Court deems just and proper.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R.4:25-4, the Court is advised that Christopher A. Bradley, Esq., is hereby designated as trial counsel.

## JURY DEMAND

Plaintiff hereby demands a Trial by jury as to all issues herein.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1 et seq., Plaintiff hereby demands that all defendants provide answers to Uniform Interrogatories.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Demand is hereby made for the production of all documents referred to in the following Notice to Produce.

## NOTICE TO PRODUCE

Plaintiff hereby demands that all defendants provide the following documents:

1. All complete previous or current liability, catastrophe, umbrella or other insurance policies, including declarations sheets, which provide coverage to the Defendant(s) in this action;

2. Copies of any and all reports, letters, and statements from any expert regarding liability or damages in this matter;

3. Copies of any and all color photographs, drawings, or sketches regarding the accident scene or damage to the Defendant's vehicle and/or Plaintiff's vehicle;

4. Copies of any sketches, drawings, or diagrams of the accident scene;

5. Copies of all statements, summaries of statements, or notes or writings of any kind regarding statements made by any party to this action or any person having relevant knowledge pertaining to this action, INCLUDING THE STATEMENT OF THE DEFENDANT(S) TO THEIR INSURANCE CARRIER in accordance with Pfender v. Torres, 336 N.J. Super, 379 (App. Div. 2001);

6. Any motion picture or videotape regarding the accident scene or a re-enactment of the accident;

7. Copies of any statements that you intend to use as substantive evidence or to use as impeachment of any witness at trial;

8. Copies of all repair bills and estimates of damages to either the Plaintiff's or the Defendant's vehicle reflecting damage to same as a result of this accident;

9. Copies of any and all writings, including color photographs and sketches, you intend to introduce into evidence at trial;

10. Copies of all expert reports you intend to rely upon at trial, including copies of all IRS forms 1099 and W-2 reflecting payments made to said expert by defendant, defendant's attorney or defendant's insurer for services performed on behalf of defendants involved in litigation for 3 years prior to the date of any report prepared in connection with the above-captioned matter.

## TIME-UNIT ARGUMENT

Please take notice that pursuant to Rule 1:7-1, plaintiff reserves the right to use a time-unit argument with reference to unliquidated damages.

## DEMAND TO PRESERVE EVIDENCE

All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory,

searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social work or related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.) an any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation, Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to Rule 4:5-1, the undersigned certifies that the matter in controversy is not the subject of any other action in any Court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

**BRANDON J. BRODERICK, LLC**

By: *s/Christopher A. Bradley*
Christopher A. Bradley, Esq.
Attorney for Plaintiff

Dated: May 3, 2022

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-002131-22**

**Case Caption:** VOLOCHINSKY, SVETLANA VS COSTCO WHOLESALE COR P
**Case Initiation Date:** 05/03/2022
**Attorney Name:** CHRISTOPHER A BRADLEY
**Firm Name:** BRANDON J. BRODERICK, ESQ. LLC
**Address:** 65 EAST ROUTE 4 1ST FL
RIVER EDGE NJ 07661
**Phone:** 2018531505
**Name of Party:** PLAINTIFF : VOLOCHINSKY,, SVETLANA
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: SVETLANA VOLOCHINSKY,?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO   **Title 59?** NO   **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/03/2022
Dated

/s/ CHRISTOPHER A BRADLEY
Signed

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad St.
P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad St.
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk Superior Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor - Tower
56 Paterson St., P.O Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES

(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Morris County Courthouse
Civil Division
Washington and Court Sts.
P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market St.
Salem, NJ 08079
LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge St.
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES

(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second St.
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010